# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-KA-00417-COA

**MARCUS JOHNSON A/K/A MARK JOHNSON A/K/A LIL MARC**      APPELLANT

**v.**

**STATE OF MISSISSIPPI**      APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 02/08/2019 |
| TRIAL JUDGE: | HON. LINDA F. COLEMAN |
| COURT FROM WHICH APPEALED: | COAHOMA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: JUSTIN TAYLOR COOK |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ALLISON ELIZABETH HORNE |
| DISTRICT ATTORNEY: | BRENDA FAY MITCHELL |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 11/17/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WILSON, P.J., WESTBROOKS AND McCARTY, JJ.**

**McCARTY, J., FOR THE COURT:**

¶1. Marcus Johnson was convicted of first-degree murder and sentenced to life in prison without eligibility for parole. Finding no arguable issues on appeal, Johnson's appellate counsel filed a brief pursuant to *Lindsey v. State*, 939 So. 2d 743 (Miss. 2005). Johnson was given additional time to file a supplemental brief but did not do so. A thorough review of the record by this Court revealed no reversible issues. Accordingly, we affirm.

## FACTS

¶2. On September 16, 2017, Marcus Johnson and Sammie Lee Walker got into a fight that

resulted in Johnson being "jumped" by three other individuals. The next day, Johnson confronted Sammie Lee at the neighborhood basketball court. When Johnson approached him, Sammie Lee said that he did not feel like fighting because his thumb was hurt. Without saying a word, Johnson drew his pistol and starting firing at Sammie Lee. Sammie Lee ran off of the court, and Johnson followed, shooting Sammie once more before fleeing on foot. Witnesses testified that after shooting Sammie one last time, Johnson either said, "I told you I was going to get you punk" or "I told you that I was going to kill you."

¶3. Several witnesses directed investigators to Johnson. Investigator Adam Dunavant of the Clarksdale Police Department interviewed Johnson on the same day of the shooting. During the interview, Dunavant detected a "very strong smell of bleach" coming from Johnson's body. Johnson told the investigator that he always bathed with bleach in his bath water. The investigator testified that this was a tactic routinely used to eliminate traces of gunshot residue. When asked, Johnson told the investigator that he had not left the house that day and that he did not own a gun. Johnson was arrested and indicted for one count of first-degree murder.

¶4. At trial, Lacora Gardner, Keerra Harris, and Brenda Dyes all testified that they saw Johnson shoot Sammie Lee. Lacora testified that she was "one hundred percent sure" Johnson was the shooter. None of the witnesses saw Sammie Lee with a weapon at the basketball court, and no weapon was found on his person.

¶5. A unanimous jury convicted Johnson, and the court sentenced him to life in prison without eligibility for parole. Johnson filed a motion for judgment notwithstanding the

2

verdict or a new trial. He argued that the verdict was against the overwhelming weight of the evidence, that the State was allowed to introduce hearsay evidence over objection, and that the evidence did not prove guilt beyond a reasonable doubt. The trial court held that there was no merit to any of Johnson's claims and denied the motion.

## DISCUSSION

¶6. In *Lindsey*, the Mississippi Supreme Court established a procedure to be followed when "appellate counsel represents an indigent criminal defendant and does not believe his or her client's case presents any arguable issues on appeal." *Lindsey*, 939 So. 2d at 748 (¶18). The first step of this procedure is for the appellate counsel to "file and serve a brief in compliance with Mississippi Rule of Appellate Procedure 28(a)(1)-[(5), (8)] . . . ." *Id*. Second, counsel must certify in his or her brief that

> there are no arguable issues supporting the client's appeal, and he or she has reached this conclusion after scouring the record thoroughly, specifically examining: (a) the reason for the arrest and the circumstances surrounding arrest; (b) any possible violations of the client's right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; and (h) possible misapplication of the law in sentencing.

*Id*.

¶7. Third, counsel must send a copy of his or her brief to the defendant, inform the defendant that no appealable issues were found, and notify the defendant of the right to file a pro se brief. *Id*. Fourth, the appellate court will determine, based on its review of the record and any pro se brief filed, if there is any arguable issue. *Id*. If so, the court will require appellate counsel to submit supplemental briefing on that issue "regardless of the

3

probability of the defendant's success on appeal." *Id.* Last, "[o]nce briefing is complete, the appellate court must consider the case on the merits and render a decision." *Id.*

¶8. Here, Johnson's appellate counsel has complied with the procedure set forth in *Lindsey*. After specifically listing the matters he considered, Johnson's appellate counsel "confirm[ed] that he has, as of the date of filing [his] brief, mailed by first class mail, postage prepaid, a copy of [the] brief, a copy of the trial transcript, and correspondence informing Johnson that counsel finds no arguable issues in the record and that Johnson has a right to file a pro se brief."

¶9. After thoroughly reviewing the record, we were unable to find any arguable issues for appeal. Accordingly, Johnson's conviction and sentence are affirmed.

¶10. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD AND LAWRENCE, JJ., CONCUR.**

4